such proceedings were taken, he would be considered as a creditor within the meaning of the section, if his debt accrued between the giving and filing of the mortgage; citing in this connection Thompson v. Van Vechten, 27 N. Y. 568, where a similar construction was given to the statute of that state. See, also, Bostwick v. Foster [Case No. 1,-682]; Harris v. Exchange Nat. Bank [Id. 6,-119]; Moore v. Young [Id. 9,782]; Allen v. Massey [Id. 231]; Harvey v. Crane [Id. 6,-178]. The construction thus given to this statute is obligatory upon this court, and I must therefore hold in this case that the petitioner can take nothing by his mortgage. The petition is therefore dismissed.

Since this opinion was prepared, the case of Platt v. Preston [Id. 11,219], decided by Judge Choate, has appeared in the Bankruptcy Register. In that case the same conclusion was reached, for the same reasons here given. The mortgage is not rendered invalid by the bankrupt law or because the filing constitutes a preference, but it may be set aside by the assignee, because, by the law of the state, it is void as against the creditors whom he represents.

---

OLIVER (COOK v.). See Case No. 3,164.

---

## Case No. 10,493.

OLIVER v. CUNNINGHAM et al.

[See 6 Fed. 60.]

---

## Case No. 10,494.

OLIVER v. DECATUR.

[4 Cranch, C. C. 458.] ¹

Circuit Court, District of Columbia. March Term, 1834.

MORTGAGES — FORECLOSURE BY BILL IN EQUITY—RECEIVER—RENTS AND PROFITS BEFORE ANSWER.

1. In a suit in equity to foreclose a legal mortgage, the court will not, before answer, grant an injunction to prevent the mortgagor in possession from receiving the rents and profits; nor will they appoint a receiver, the defendant being in no default for not answering.

2. The defendant may, at any time, before the bill is taken for confessed, plead, demur, or answer; and the plaintiff is to pursue the same course as if the plea, demurrer, or answer had been filed before the expiration of the three months limited, for answer, by the rules of the court.

Bill [by Robert Oliver against Susan Decatur] to foreclose a legal mortgage, and for an injunction to prevent the defendant from receiving the rents, and praying that a receiver may be appointed; on the suggestion that the property is insufficient security for the debt. The defendant was in no default for not answering.

¹ [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key and Mr. Dunlop, for plaintiff, moved the court to appoint a receiver, and cited 2 Madd. 231, 233, 235; Wills v. Pugh, 10 Ves. 403; Middleton v. Dodswell, 13 Ves. 266; Lloyd v. Passingham, 16 Ves. 59, and the cases cited in 2 Madd. 231, and Duckworth v. Trafford, 18 Ves. 283; Berney v. Sewell, 1 Jac. & W. 647.

Mr. Marbury, for defendant, cited 2 Madd. 231; Coop. Ch. 42, 107; Berney v. Sewell, 1 Jac. & W. 647,—to show that it is not usual to appoint a receiver before answer; nor in a case of legal mortgage.

THE COURT (nem. con.) refused to grant an injunction and to appoint a receiver.

In November, 1833, the defendant pleaded the pendency of another suit for the same cause in Norfolk, (Virginia,) but afterwards, and before the plea was set down for argument, namely, on the 29th of March, 1834, withdrew the plea and filed an answer, which the plaintiff's counsel contended was wholly insufficient and ought not to be received, and must be considered as a nullity, and again moved the court to appoint a receiver.

Mr. Dunlop, for plaintiff, cited Dillon v. Alvares, 4 Ves. 357, that the pendency of a suit in Ireland is no bar to an injunction; Avery v. Petten, 7 Johns. Ch. 211; Verplank v. Caines, 1 Johns. Ch. 57,—as to power to appoint a receiver.

Mr. Marbury, contra, cited Berney v. Sewell, 1 Jac. & W. 647. The defendant has a right to answer at any time before the bill is taken for confessed; which is not yet done. If the answer is not sufficient in some respects, the plaintiff must except to it. It cannot be treated as a nullity.

CRANCH, Chief Judge. (MORSELL, Circuit Judge, absent). This is a bill to foreclose a mortgage in fee, and for the appointment of a receiver; and for an injunction to prevent the mortgagor in possession from receiving the rents, and the tenants from paying them to her. The bill was filed on the 22d of March, 1833. On the 28th of November, 1833, the bill not having been taken for confessed, the defendant filed a plea of a prior suit for the same cause still depending in a court of equity in Norfolk, in Virginia. On the 29th of March, 1834, the plea not having been set down for argument, the defendant withdrew it, and filed her answer. On the 1st of April, 1834, the plaintiff again moved for a receiver and injunction on the ground of the insufficiency of the answer, which he avers the defendant had no right to file, unless by leave of the court; and contends that the court should consider a bad answer as no answer; and should now take the bill for confessed, and proceed to decree. By the 6th rule of practice prescribed by the supreme court of the United States, the defendant has three months, after the appearance day, to answer; and, by the 10th rule, if he does not answer by that time, the plaintiff may take the bill for confessed, or have a